KITTIE M. PERKINS, Respondent, *v.* GEORGE HALL et al., Appellants

No equitable right of subrogation exists where, in order to establish the right, resort must be had to an agreement or security which was void.

H. and B. entered into an agreement by which B. agreed to assume and

pay certain liens on land owned by H. and to loan to him a further
sum, H. to give a mortgage on the land as security for the advances and
for a further sum agreed upon as a bonus. The mortgage was given
as agreed and B. paid the liens, which were discharged of record. In
an action to foreclose the mortgage it was adjudged to be void for
usury. Plaintiff, as assignee of B., brought this action to revive
and be subrogated to said liens and to enforce them against the
land. *Held*, that the action was not maintainable ; that no equitable
right to subrogation could be based on the usurious contract, and
without it B. would stand as a mere volunteer, having no right of
subrogation.

*Ellsworth* v. *Lockwood* (42 N. Y. 89); *Barnes* v. *Mott* (64 id. 397); *Cole* v.
*Malcolm* (60 id. 363); *Gaus* v. *Thiemes* (93 id. 225); *Gook* v. *Barnes* (36 id.
520); *Winstead* v. *Webb* (39 id. 3-3); *Gerwig* v. *Sitterly* (56 id. 219); *R. E.
T. Co.* v. *Keach* (69 id. 248); *Russell* v. *Nelson* (99 id. 110); *Patterson* v.
*Birdsall* (64 id. 294), distinguished.

(Argued April 22, 1887 ; decided May 10, 1887.)

APPEAL from judgment of the General Term of the
Supreme Court in the fourth judicial department, entered
upon an order made January 13, 1885, which affirmed a judg-
ment in favor of plaintiff entered upon a decision of the
court on trial without a jury.

The nature of the action and the material facts are stated
in the opinion.

*John C. Hunt* for appellants. Plaintiff's only right to
subrogation was founded upon the usurious mortgage. (*Bald-
win* v. *Moffatt*, 94 N. Y. 82, 85.) Said usurious mortgage
cannot be the foundation of a valid claim. (*Dung* v. *Parker*,
52 N. Y. 500.) One who is only a volunteer cannot invoke
the aid of subrogation. (*Acker* v. *Hotchkiss*, 97 N. Y. 395,
403; *Gans* v. *Thieme*, 93 id., 232; *Sandford* v. *McLean*,
3 Paige, 122; *Wilkes* v. *Harper*, 1 N. Y. 586; 2 Barb.
Ch. 338.)

*J. R. Shea* for respondent. The plea of usury on the part
of the mortgagors, and the mortgage, which was founded on
valid and subsisting claims, having been adjudged void,
the valid obligations were revived. (*Allison* v. *Schmitz*,

31 Hun, 106; 98 N. Y. 657; *Underhill* v. *Grennan*, 25 Hun, 569; *R. E. Trust Co.* v. *Keach*, 69 N. Y. 248; *Gerwig* v. *Sitterly*, 56 id. 214; *Cole* v. *Malcolm*, 66 id. 366; *Barnes* v. *Mott*, 64 id. 397; *Patterson* v. *Birdsall*, Id. 294; *Cook* v. *Barnes*, 36 id. 520; *Ellsworth* v. *Lockwood*, 42 id. 89; *Winstead Bank* v. *Webb*, 39 id. 325; *Russell* v. *Nelson*, 99 id. 119; Bispham's Prin. of Eq. [3d ed.] pp. 335, 338.) The plaintiff's assignor, under the $3,000 bond and mortgage, was a surety for George Hall in paying off these incumbrances, and as such entitled to be subrogated. (*Gaus* v. *Thiemes*, 93 N. Y. 225, 232.)

Rapallo, J. The plaintiff, as assignee of Payn Bigelow, sought, by this action, to revive and be subrogated to and enforce certain liens upon real estate of the defendant Hall, which Bigelow had paid and procured to be discharged of record under an agreement with Hall. These liens consisted of two mortgages executed by Hall, and of certain legacies which were charges on the real estate in question.

It appears by the findings of the trial judge that, on the 17th of October, 1874, an agreement was entered into between Hall and Bigelow, whereby Bigelow agreed to advance the amount of the said liens and pay them off, and also to advance to said Hall the sum of $919.71 in cash and Hall agreed that, to secure the payment of said advances and of the further sum of $150 as a bonus, Hall and his wife would execute a mortgage on said premises to Bigelow. In pursuance of this agreement the mortgage was executed for $3,000 and interest, which amount included the amount then due on said liens and the cash advance of $919.71 and the bonus of $150. This mortgage of $3,000 provided in express terms that, as part of the consideration thereof, Bigelow was to assume and pay the before mentioned liens.

Bigelow paid a portion of the liens and they were discharged of record and he afterwards brought an action against Hall, and others, for the foreclosure of the $3,000 mortgage, in which action such mortgage was adjudged void for usury.

After that adjudication he assigned to the plaintiff his cause of action arising out of the satisfaction of said liens, and she thereupon brought this action, and judgment was rendered in her favor in the Supreme Court, adjudging that her assignor, having paid said liens and there being a junior mortgage, was entitled to be subrogated to said prior liens so paid by him, and entitled to enforce the same.

We are of opinion that this judgment was erroneous. The only claim of Bigelow to be junior mortgagee rested upon his $3,000 mortgage which was adjudged to be void for usury, and upon his agreement to pay off the prior liens, which agreement was part of the usurious contract. It was necessary to resort to this usurious contract and security to make out any equitable right in Bigelow to subrogation. If they were left out of the case he would stand as a mere volunteer, and would have no right to subrogation (*Acer* v. *Hotchkiss*, 97 N. Y. 395; *Gnas* v. *Thieme*, 93 id. 225), and whenever an equitable right to subrogation cannot be made out without resorting to some agreement or security which is void for usury, no such equity exists. We think the case of *Baldwin* v. *Moffett*, (94 N. Y. 82), is decisive on this point. None of the cases cited on the respondent's brief, or in the opinion at General Term, conflict with this principle, or sustain the claim of the respondent.

· In the cases of *Ellsworth* v. *Lockwood* (42 N. Y. 89); *Barnes* v. *Mott* (64 id. 397); *Cole* v. *Malcolm* (66 id. 363); *Gans* v. *Thieme* (93 id. 225), no question of usury was involved and they have no special bearing on the case. *Cook* v. *Barnes* (36 N. Y. 520); *Winsted Bank* v. *Webb* (39 id. 325); *Gerwig* v. *Sitterly* (56 id. 214); *R. Est. Trust Co.* v. *Keech* (69 id. 248); *Russell, Rec'r* v. *Nelson* (99 id. 119), simply hold that when an existing valid debt is renewed, or the time of payment extended, or a valid security held therefor, is canceled by means of a subsequent agreement or security which is void for usury, the original debt or security is not invalidated, and if it has been discharged by means of the usurious security it will be revived and enforced. In *Patterson* v. *Birdsall* (64 N. Y. 294), the plaintiff was the holder

of a valid junior incumbrance which entitled him, without reference to the usurious agreement, to redeem from prior incumbrances and be subrogated thereto.

In the case now before us the right of the assignor of the plaintiff to pay the prior incumbrances, and his claim to subrogation, rested wholly upon the usurious agreement. He had no position of junior mortgagee, except under the mortgage which was adjudged void for usury.

The judgment should be reversed, and a new trial ordered, costs to abide the event.

All concur except RUGER, Ch. J., not sitting.

Judgment reversed.