Hyatt, J.
The claim of the plaintiffs against the defendants is conceded.
The action is against the members of a co-partnership, which has been or is about to be dissolved.
The defendant, Charles L. Moreaw, asks that the plaintiffs shall be compelled to assign their claim in suit to the person nominated by Charles C. Moreaw, the father of *712 the defendant Moreaw, upon his advancing the amount of the claim.
Charles C. Moreaw and his nominee are entire strangers to the parties in this action, they stand as mere volunteers and have no right to subrogation. Perkins v. Hall et al., 105 N. Y., 539; 8 N. Y. State Rep., 14.
The moving papers do not disclose any facts establishing that justice will be promoted by compelling the assignment of the claim; the doctrine of subrogation should not therefore be applied. The moving party acts for the volunteer, who cannot invoke its aid, as he establishes no equity. To entitle him to its benefit he must have paid upon request or as surety, or to protect his own rights. Acer v. Hotchkiss, 97 N. Y., 395.
This application fails to present such facts.
This doctrine or device to accomplish justice only applies where a party is compelled to pay the debt of a third person to protect his own rights or to save his own property. The father of the defendant Moreaw or his nominee is under no_ obligation to pay the defendants’ debts; they do not claim rights or property to protect or to save.
The cases cited by the moving party (Cole v. Malcolm, 66 N. Y., 363; Twombly v. Cassidy, 82 id., 155; Bayles v. Husted, 40 Hun, 376), are not applicable to the situation of the case at bar, they simply establish that the right of subrogation is sufficiently broad to comprehend all parties who are obliged to pay to protect their own interests.
Such an obligation does not rest upon either the father of the defendant or his nominee
It follows, therefore, that this application must be denied with ten dollars costs.