### TERWILLIGER *v.* BEECHER *et al.*

(Supreme Court, General Term, Third Department.   November 26, 1890.)

USURY—MORTGAGES—LIEN FOR PURCHASE MONEY—SUBROGATION.

   Plaintiff agreed to loan defendant $1,800 to purchase real estate, for the use of which defendant was to pay $75, besides 6 per cent. interest.   Defendant purchased the property for $1,550, and assigned her bid to plaintiff, who agreed to convey the property to her.   On executing such conveyance, plaintiff took from defendant a mortgage for $1,800.   The amount paid by plaintiff for defendant was $1,550, and to her $162.   The consideration named in the deed to plaintiff was $1,550, and in the deed to defendant $1,625.   *Held,* in an action to foreclose the mortgage, that the whole transaction was usurious and void, and that plaintiff was not entitled to be subrogated to the equitable lien for the purchase money paid on the sale.

Appeal from special term, Ulster county.

Action by Daniel Terwilliger against Sarah F. Beecher and Joseph Beecher to foreclose a mortgage. Appeal from a judgment entered in Ulster county upon the decision of the court upon a trial by the court without a jury. The court held the mortgage to be void for usury, but held that the plaintiff was entitled to be subrogated to the equitable lien for the purchase money, and that the defendant might redeem in 30 days, failing which, judgment to be entered to foreclose the lien. The defendants failed to redeem, and judgment for the sale of the premises, to satisfy the lien, interest, and costs, was entered as directed. The court, upon the request of the defendants, found the following facts: *First,* that on or about August 9, 1884, the plaintiff, being applied to by defendant Sarah F. Beecher for a loan of $1,800, to enable her to purchase some real estate, and for other purposes, made and entered into an agreement with her whereby he was to furnish her said sum, with the agreement that she was to pay him for the use of such sum $75, besides 6 per cent. interest per annum; *second,* that on said August 9, 1884, she bought such real estate, and signed the terms of sale therefor at the price of $1,550, and plaintiff paid for her 20 per cent. of the purchase price, $310, and took her note therefor; *third,* that on the day when defendant Sarah F. Beecher was to take deed for said place, about August 28, 1884, plaintiff induced her to assign her bid to him, on his agreement to take deed, and to convey the same to her right away; *fourth,* that thereafter, about September 22, 1884, plaintiff conveyed same premises to defendant Sarah F. Beecher, and took from her the mortgage set forth in the complaint herein, to secure the sum of $1,800; *fifth,* that the plaintiff paid for defendant, on account of said loan for the real estate, fifteen hundred and fifty dollars, and to her only the sum of one hundred and sixty or sixty-two dollars, and for her for drawing papers, etc., five dollars; *sixth,* that the consideration named in the deed to said Terwilliger was $1,550, and in deed to defendant, $1,625; *seventh,* that such taking of title by plaintiff, and deeding by him to defendant Sarah F. Beecher, was a cover and device by plaintiff in an attempt to evade the usury laws, and the transaction, as completed, was really a loan of $1,900, as planned on August 9, 1884, whereby plaintiff agreed to loan $1,800 to the defendant, and was to receive $75 for such loan, in addition to 6 per cent. interest per annum. The court refused to find that the defendants are entitled to judgment dismissing the complaint, but decided that respondent is entitled to be subrogated to the purchase money paid on the sale of the property, and required the appellants to pay that amount, $1,550, with interest, in all $1,898.26, within 30 days, or, in default thereof, the respondent to have judgment of foreclosure and sale; the collateral mortgage to be delivered up. The respondents not paying the amount, judgment of foreclosure and sale was entered, with costs. From that judgment this appeal is taken.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Wm. D. Dickey,* for appellants. *A. S. & W. F. Cassedy,* for respondent.

LANDON, J. If the plaintiff can trace his title to the lien for the purchase money without resorting to the usurious contract, then the lien is valid; otherwise, not. *Perkins* v. *Hall,* 105 N. Y. 539, 12 N. E. Rep. 48. In that case prior valid liens were paid by the mortgagee, in pursuance of the terms of the usurious mortgage, and it was held that the liens so paid would be, if revived, the fruits of the usurious contract, and therefore could not be revived. In *Baldwin* v. *Moffett,* 94 N. Y. 82, the prior lien was paid as part performance of the usurious contract, and hence all right to it sprang from usury, and it could not be revived. In *Patterson* v. *Birdsall,* 64 N. Y. 294, the plaintiff, a junior incumbrancer, paid the prior incumbrance, and took a new mortgage for both, with usury added. The new mortgage being adjudged void, it was held that, since the plaintiff, as junior incumbrancer, could redeem the prior incumbrance, he could thus trace title to it without

recourse to the usurious contract, and he was allowed to enforce it. These cases illustrate the rule. We think, under the findings of fact made by the trial court, the plaintiff cannot trace title to any equitable lien apart from the usurious contract. Every step taken, and every act performed, was in pursuance of the usurious contract; and, as the so-called "equitable lien" had its origin in and sprang from it, it cannot be free from the taint of the corrupt agreement which produced it. Judgment reversed. New trial granted; costs to abide the event. All concur.