## JOHNSON *vs.* ZINK.

Where a conveyance of land is made, subject to a prior mortgage thereon, given by the grantor, the premises are the primary fund for the payment of the mortgage, and thenceforth, as between the grantor and the grantee, and those claiming under the latter, the grantor stands as a mere surety for the payment of the bond debt; and, upon being compelled to pay the same, has a right to be subrogated to the position of the holder of the mortgage, in order that he may resort to a sale of the premises to effect his own indemnity.

And if the holder of the bond and mortgage refuses to accept a tender of the amount due thereon, with costs, and to assign the securities to a third person, for the benefit of the mortgagor, and attempts to enforce the payment of the bond, by suit, he may be ordered to assign the bond and mortgage to such third person, on receiving the amount due thereon, with the costs accrued in the action, on the bond, and be forever restrained from prosecuting such action.

When such assignment is made, the assignee will be the trustee of the vendor.

A deed conveying premises, "subject to a certain mortgage, executed by the parties of the first part, on said premises, in the year 1856, of one thousand dollars," sufficiently describes the mortgage; as an examination of the record will disclose the name of the mortgagee, and the date of the record.

APPEAL, by the defendant, from a judgment entered upon the report of a referee.

*Angel & Finch,* for the appellant.

*Cary & Bolles,* for the respondent.

*By the Court,* BARKER, J. There is no dispute about the facts in this case, and they are stated, in the referee's report, fully and concisely.

Johnson *v.* Zink.

In August, 1857, the plaintiff was the owner, in fee simple, of the lands described in the pleadings, and, on that day, gave his bond to Elias Root, to secure the payment ot $1000, at the end of ten years, with semi-annual interest, and, at the same time, the plaintiff placed a mortgage on the said real estate, in which his wife joined, to secure the payment of the said bond.   The mortgage was immediately recorded, in the Cattaraugus county clerk's office, in which county the premises are situated.   On the 12th of December, 1857, the plaintiff sold, and by a deed, containing general covenants of warranty, conveyed the premises to one John K. Comstock, who died insolvent prior to the commencement of this action.   The conveyance was subject to the said mortgage, the amount due thereon being estimated as part of the purchase money. The clause in the deed, excepting the covenants of warranty from the said mortgage, is in these words: "Subject to a certain mortgage, executed by the said parties of the first part, on said premises, in the year 1856, of one thousand dollars."   In December, 1864, Comstock sold the premises to Mary C. Zink, the wife of the defendant, and gave a deed, with covenants of warranty.   The defendant acted as the agent of his wife in negotiating for the property, and, when the deed was delivered, he was informed by Comstock of the existence of this mortgage. Comstock agreed, by parol, with Mrs. Zink, to pay the mortgage when it matured, he having received all the purchase money from her.

On the 30th of March, 1867, and after the death of Comstock, the defendant bought this bond and mortgage, with the intent to sue the plaintiff on the bond and enforce payment of the same from him, and commenced an action thereon in this court.   The plaintiff tendered to the defendant the amount due on the bond and mortgage, and the costs that had accrued in the suit at law on the bond,

and requested the defendant to assign the bond and mort-
gage to Marcus H. Johnson.

The referee, among other things, ordered the defendant
to assign the bond and mortgage to Marcus H. Johnson,
for the plaintiff's benefit, on payment of the amount due
thereon, with $17 costs in the suit on the bond, and that
the defendant be forever restrained from prosecuting his
action on the bond, and that he pay the costs of this action.

The decree of the referee properly disposed of this case
on the merits. The conveyance to Comstock being sub-
ject to the bond and mortgage, made the premises the
primary fund for the payment of the same; and, there-
after, as between the plaintiff and Comstock, and those
who claim under the latter, the plaintiff stood as a mere
surety for the payment of the bond debt, and, upon being
compelled to pay the same, had a right, upon principles
of the plainest equity, to be subrogated to the position
of the holder of the mortgage security, that he might
resort to a sale of the premises to effect his own indem-
nity. (*Marsh* v. *Pike*, 10 *Paige*, 595. *Cherry* v. *Monroe*, 2
*Barb. Ch.* 618.) When the defendant attempted to enforce
the payment of the bond, by bringing the action thereon,
the plaintiff offered to pay all that could be exacted of
him, which the defendant refused to accept, and the
referee very properly charged him with the expense of this
litigation ; for his effort to relieve the equity of redemp-
tion, which was owned by his wife, and impose her mis-
fortune upon the plaintiff, was inequitable and unconscien-
tious. This is the more apparent, from the fact that he
had actual, as well as constructive, notice of the charge
upon the land, and the equities of the plaintiff.

The suggestion made by the appellant's counsel, that
the mortgage is insufficiently described in the deed, does
not merit an investigation, for the mortgagors were named,
the amount of the mortgage, its date, and the premises
embraced, were all stated, and an examination of the

record would have disclosed the mortgage and the date of record.

The defendant objects to the decree, for that it compels him to assign this security to a stranger. The request comes from the party interested in keeping the security on foot, and the assignment is to be made for his benefit, and the assignee will be the trustee of the plaintiff.

The objections to the evidence were properly overruled, for this evidence all tended to prove that the defendant had knowledge of this mortgage when he was acting as the agent of his wife in negotiating for the land, and that he knew of the rights and equities of the plaintiff when he took an assignment of the bond and mortgage.

The judgment should be affirmed, with costs.

