THE REAL ESTATE TRUST COMPANY, Appellant and Respondent, *v.* THOMAS KEECH, Appellant and Respondent.

An obligation, valid in its inception, is not invalidated by an usurious agreement for the extension of the time of payment; but the sum paid on the agreement for forbearance will in equity be applied as payment. *Real Estate Trust Company* v. *Keech* (7 Hun, 253), modified.

(Argued March 28, 1877; decided April 10, 1877.)

THESE are cross appeals from judgment of the General Term of the Supreme Court, in the first judicial department, modifying and affirming as modified a judgment in favor of plaintiff, entered upon a decision of the court at Special Term. (Reported below, 7 Hun, 253.)

This action was brought to foreclose a mortgage given to secure a bond for $19,000   The defence was usury .

After the bond became due, it was agreed between plaintiff and defendant that in consideration of the sum of $1,000 paid by defendant, the time of payment should be extended for six months. The sum so paid was to be over and above lawful interest. The Special Term directed judgment for the full amount of the bond. The General Term modified the same by deducting the $1,000 paid, and interest thereon, and affirming the judgment as modified.

*Henry E. Davies*, for the plaintiff. The agreement to forbear was separable from the agreement to pay evidenced by the bond and mortgage, and the vice in the first did not affect the second. (*Capon* v. *Ingalls*, 33 Barb., 657; *Win-*

*sted Bank* v. *Webb*, 46 id., 180; Blydenburgh on Usury, 97; *Ferrall* v. *Shaen*, 1 Saund., 294; *Swartwout* v. *Payne*, 19 J. R., 294; *Merrill* v. *Laws*, 9 Cow., 65; *Crane* v. *Hubbell*, 7 Paige, 413; *Edgell* v. *Stanford*, 6 Vt., 551; *F. & M. Bk.* v. *Joslyn*, 37 N. Y., 353; *Rice* v. *Welling*, 5 Wend., 595; *Bush* v. *Livingston*, 2 Cai. Cas., 80, 81.)   Defendant cannot avail himself of the $1,000 paid to reduce the amount of plaintiff's recovery, the answer not having been verified within one year from the time it was paid.   (1 R. S., 772, § 3; *Seymour* v. *Marvin*, 11 Barb,, 80; *Palen* v. *Johnson*, 50 N. Y., 49; *Smith* v. *Marvin*, 27 id., 143.)

*Samuel Hand*, for the defendant.   The usurious agreement for forbearance avoided the whole loan as against the usurious plaintiff.   (1 R. S., 722, § 5.)   The right to the deduction of the usurious interest paid was not in the nature of a counterclaim upon which an action would lie, but was a payment upon the amount due on the bond and mortgage. (*Crane* v. *Hubbell*, 7 Paige, 413; *Judd* v. *Seaver*, 8 id., 548.)

Andrews, J.   The bond and mortgage were valid in their inception, and the usurious agreement for the extension of the time of payment after the debt became due, did not affect their validity.   The agreement for forbearance was void, but the original debt and the securities given for it remained in full force.   (Blydenburgh on Usury, 97; *Swartwout* v. *Payne*, 19 J. R., 294; *Merrills* v. *Law*, 9 Cow., 65; *Rice* v. *Welling*, 5 Wend., 595; *Farmers' and Mechanics' Bank* v. *Joslyn*, 37 N. Y., 353.)

The sum paid on the usurious agreement for forbearance will in equity be applied as a payment on the original debt, and the defendant was entitled to have the one thousand dollars paid by him on the unlawful agreement credited on the bond and mortgage.   (*Crane* v. *Hubbel*, 7 Paige, 413; *Judd* v. *Seaver*, 8 id., 548.)   The plaintiff on the trial waived any claim for a judgment for a deficiency against the defendant.   The special term inadvertently included in the

direction for judgment a direction that the defendant should be adjudged to be liable for any deficiency arising on the sale. The judgment entered directs the referee making the sale to specify in his report of sale the amount of such deficiency, but it does not in terms adjudge the defendant liable therefor. The plaintiff's counsel on the argument consented that the judgment be modified by inserting a provision declaring that the defendant was not liable for any deficiency. The judgment is therefore modified in this respect, and as so modified affirmed.

There are cross appeals. The plaintiff has failed in his appeal, and the modification of the judgment in favor of the defendant could not, we think, upon the exception taken, have been demanded as a right.

Neither party should have costs of the appeal in this court.

All concur.

Judgment accordingly.