LOUIS K. CHURCH, Executor, etc., Respondent, *v.* JAMES MALOY et al., Appellants.

Where after the principal of a bond and mortgage has fallen due a usurious agreement is made between the parties for an extension of time, and where under a provision of the instrument declaring that in case of failure to pay the interest, within a certain time after it is due, the whole principal becomes due at the option of the holder, the latter upon default in the payment of interest accruing after the extension brings an action for foreclosure, claiming the whole amount secured to be due, the mortgagor cannot claim the benefit of the extension, and yet seek to defeat the foreclosure by asking that the usurious consideration paid therefor shall be applied in payment of the interest.

The usurious agreement is void and there is no valid extension; but assuming that it is binding at the election of the mortgagor, he disaffirms it by requiring that the consideration paid shall be credited.

He is entitled to the credit, but having received it he is not entitled to the extension and plaintiff may have judgment for the residue unpaid.

(Argued May 24, 1877; decided June 5, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 9 Hun, 148.)

This action was brought for the foreclosure of a mortgage.

By the terms of the bond to secure the payment of which the mortgage was given, the principal became due May Ist, 1874, interest was to be paid semi-annually, and in case of default in the payment of an installment of interest for twenty days, then the principal should, at the option of the obligee or his assigns, become due and payable. The complaint alleged that after the principal became due by the terms of the bond, the parties by an agreement extended the time of payment of the principal remaining unpaid for three years, from and after September 1st, 1874. The default alleged was the failure to pay a semi-annual payment of interest due November 1st, 1875; and twenty days having elapsed, plaintiff declared his option to have the whole principal due. Defendants alleged a payment of $500, which was more than

sufficient to pay the interest. The evidence showed, and the referee found, that as a consideration for the extension, the mortgagor paid plaintiff $500, this the referee found defendants were entitled to have credited as a payment, and that plaintiff was entitled to judgment for the residue of principal and interest. He also found that default was made in the payment of interest as alleged in the complaint, and that the same was in arrear more than twenty days before the commencement of the action.

*Philip S. Crooke,* for the appellants. The $500 remaining in plaintiff's hands November 1st, 1875, and uncredited to any account, was applicable to the payment of interest accruing on that day. (*Bell* v. *Day,* 32 N. Y., 172; Dunlap's Paley on Agency, 51; *Hartley* v. *Tatham,* 1 Keyes, 222; *Allen* v. *Culver,* 3 Den., 284; *R. E. Trust Co.* v. *Keech,* 7 Hun, 253; *Crane* v. *Hubbell* 7 Paige, 413; *Judd* v. *Seaver,* 8 id., 548.)

*Samuel Garrison,* for the respondent. The $500 paid November 1st, 1875, was properly applied by the referee on the principal of the mortgage. (*Davis* v. *Fargo,* 1 Clark, 470; *Toll* v. *Hiller,* 11 Paige, 228; *Hartley* v. *Tatham,* 1 Keyes, 222.) The agreement for the extension being usurious, was void. (*Crane* v. *Hubbell,* 7 Paige, 413; *Vilas* v. *Jones,* 1 N. Y., 274.)

ANDREWS, J. There was no valid extension of the time of payment of the bond and mortgage. The agreement for the extension was usurious, and the defendant could immediately have brought his action to recover back the $500, or he had the right in equity to have it applied as a payment on the mortgage. (*Crane* v. *Hubbel,* 7 Paige, 413; *Judd* v. *Seaver,* 8 id., 548; *R. E. Trust Co.* v. *Keech,* 7 Hun, 253; 69 N. Y., 248.) The mortgage was due when the usurious agreement for extension was made, and that agreement did not postpone the right of the creditor to foreclose it. (*Vilas* v. *Jones,* 1 N. Y., 274.)

The defendant claimed in his answer to have the $500 applied as a payment on the mortgage, and it was allowed by the referee. This was all the relief to which he was entitled. Assuming that the agreement was binding at the election of the defendant, he disaffirmed it by insisting that the consideration paid should be credited on the mortgage, and having received the credit, he was not entitled to the benefit of the extension. No question arises upon the pleadings. The evidence and proceedings on the trial are not returned, and the only question here is, whether, upon the facts found by the referee, the plaintiff was entitled to judgment of foreclosure. The facts found show that the mortgage was due, irrespective of the special finding that it became due by the default of the defendant in paying the interest due November 1, 1875, for more than twenty days thereafter.

The referee allowed the $500 paid on the agreement for extension, with interest, as a payment on the mortgage, and the whole mortgage being due, it is immaterial whether it was applied generally upon principal and interest, or first to extinguish the accrued interest.

The judgment should be affirmed.

All concur; RAPALLO, J., absent.

Judgment affirmed.