GANZ v. LANCASTER et al.

(Supreme Court, Appellate Division, First Department. April 2, 1900.)

1. USURY—FORBEARANCE—EXTENSION OF MORTGAGE.

Defendant, to secure an extension of mortgages for $10,000 made by a third party on land thereafter acquired by defendant, agreed with the holder of the mortgages to assume the mortgage debts, and paid the interest then due thereon, and a further sum of $800. 1 Rev. St. pp. 771, 772, §§ 1, 2, 5, provided that the rate of interest on forbearance of any money should be 6 per cent., prohibited the taking of greater interest, and declared void any contract whereby any greater sum should be taken. *Held* that, since defendant was not the borrower or person from whom the mortgage debts were due, such extensions were not a forbearance, within the meaning of such statute, and such contract of assumption and payment were not in violation thereof.

2. MORTGAGES—EXTENSION—PAYMENT OF INTEREST.

Payment of interest then due on a bond and mortgage executed by another is not sufficient consideration to validate an agreement to extend the time for payment thereof.

3. USURY—FORBEARANCE—EXTENSION OF MORTGAGE.

Where a person liable for a mortgage debt by assumption, to secure an extension and prevent foreclosure, again agreed to assume such mortgage debt, and paid to the holder and owner thereof the legal interest then due, and a further sum of money, such agreement was void under 1 Rev. St. pp. 771, 772, §§ 1, 2, 5, prohibiting the taking of a greater rate of interest than 6 per cent., and declaring void any contract whereby any greater sum shall be taken, and such person is entitled to credit for such payment in excess of the interest.

Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from special term, New York county.

Two actions by Louis Ganz against Frederick J. Lancaster and others. From judgments for plaintiff for a portion of his demands, plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

William P. Maloney, for appellant.
Louis G. Van Doren, for respondents.

RUMSEY, J. Each of these actions was brought to foreclose mortgages. The facts in each are the same, and they were tried together. The defendant Mrs. Lancaster, respondent here, had become the owner of the premises subject to the mortgage debts, which fell due on the 1st day of June, 1897. Mrs. Lancaster was desirous that the mortgages should not be foreclosed, and consequently made an application for their extension, and their owner, in consideration of her payment of $400 upon each mortgage, and of her agreement to pay the debts secured thereby on the 30th of June, 1898, extended the time of the payment of the mortgages until that time. After that extension had expired, another agreement was made, substantially to the same effect, by which the time of the payment of the mortgages was further extended to June 1, 1899, upon the same terms as before. Upon the foreclosure Mrs. Lancaster answered, setting up these agreements, claiming that they were usurious, and that she was entitled to have the first payment

of $400 credited upon the mortgage debt, and to have her agreement to pay the debt canceled, because it also was usurious and void. This relief was granted, and from so much of the judgment as credits the $400 paid on May 4, 1897, upon the mortgage debt, and releases Mrs. Lancaster from the agreement to pay the mortgages, the plaintiff has appealed.

When Mrs. Lancaster became the owner of the mortgaged premises subject to the mortgages, she did not thereby assume any personal liability in respect to the payment of the debt. The only effect of her acceptance of the deed was that the premises became a fund, which must first be resorted to for the collection of the debt, and the maker of the bond could not be called upon to pay anything unless that fund proved insufficient. Johnson v. Zink, 52 Barb. 396, 51 N. Y. 333. But, so far as she was concerned, she came under no personal liability whatever, nor did she become at any time privy with the owner of the mortgage so that she became in any way responsible for the debt. Nor did she have any personal privity with the borrower. Neither was she surety, nor did she stand in any such situation that he could call upon her to pay this debt. The statute of usury prescribes that no person shall, directly or indirectly, take or receive any sum greater than $6 upon $100 in the year for the loan or forbearance of any money, and that any contract whereby there shall be taken any greater sum for the loan or forbearance of money shall be void. 1 Rev. St. p. 772, §§ 2, 5. This statute was made for the protection of the borrower, and, to bring the transaction within it, there must be a forbearance of money which the lender or the person to whom the money is due is entitled to from the borrower or the person from whom it is due. Orvis v. Curtis, 157 N. Y. 657, 52 N. E. 690. Unless that is the situation, usury cannot be predicated of the transaction. That situation did not exist here. Mrs. Lancaster was not a borrower, nor was the relation of the owner of the mortgages to her that of a lender, nor was the transaction, so far as she was concerned, the forbearance of a debt. The agreement was that if Mrs. Lancaster should pay the owner of the mortgages the sum of $400, and then assume the payment of the debt, he would refrain from foreclosing them for another year. What she sought to obtain was that her property should not be sold, and that he was willing to grant. Before a valid agreement could be made to carry that contract into effect, it was necessary that some consideration should be paid by Mrs. Lancaster, and should be received by the owner of the mortgages. Olmstead v. Latimer, 158 N. Y. 313, 53 N. E. 5, 43 L. R. A. 685. A mere payment of the interest then due upon the mortgages would not have been sufficient consideration for that purpose, for that was something which was required in any event. It was absolutely necessary that something should be paid in addition to secure the extension of the mortgages, to which, except for the agreement, Mrs. Lancaster would have had no right. It would be peculiar, at least, to say that when a consideration is required for making a valid contract the mere fact of taking the consideration would make the contract invalid, and such clearly cannot be the case. When the owner of

the mortgages was approached with the request that he refrain from foreclosure proceedings upon those mortgages, the only question was upon what terms he would be willing to conclude the arrangement; and whatever terms were made, if the lender was not a party to them, and had in view simply the refraining from foreclosing the mortgages, it could not be said to be usurious, within the authority of any case which our attention has been called to. In the case of Church v. Maloy, 70 N. Y. 63, where the agreement was between the lender and the borrower for the extension of the mortgage, in consideration of the payment of a sum in addition to the lawful interest, the court held that it was a contract for the forbearance of a sum of money due from one party to the contract to the other, and that therefore it was precisely within the usury law. Mrs. Lancaster had the benefit of this payment of $400. She received an extension for one year, as had been agreed, and she took no steps during that time to disaffirm the contract which had been made. The effect of that contract was to release the maker of the bond, who, after the premises had been transferred subject to the mortgages, occupied only the position of a surety, and to relieve him of his liability to the owner of the mortgages for any deficiency that might arise upon the foreclosure sale. There is no reason why Mrs. Lancaster, who was not responsible for the payment of the debt in the first place, should have refunded to her a valid consideration which she paid to secure the extension of the mortgages, or why the contract of May, 1897, by virtue of which the owner of the mortgages extended the time of their payment for one year, and by which she assumed and became responsible for the principal sum due upon them, should not be held binding. But, after Mrs. Lancaster had executed that contract, her relations with the owner of the mortgages were changed. The principal debtor had been released because of it, and Mrs. Lancaster had become in fact the only person personally liable for the payment of the debt. When, therefore, in July, 1898, she applied for a further extension of the mortgages, she went to the owner to seek his forbearance of a debt for which she was personally responsible, and upon which she then owed the sum of $5,000 of principal and whatever interest was then unpaid. Her relation had entirely changed from that which she had occupied in May, 1897; for, whereas, she was simply at that time the owner of the premises, and had no personal liability for the debt, and was not in any sense a borrower or in any privity with the borrower, she had now assumed a personal liability for the debt, which became due on the 1st day of June, 1898, with interest. Whatever contract she then made for the further extension was clearly one for the forbearance of a sum of money then personally due from her to him; and if the owner then exacted from her the sum of $400, or any other sum, in addition to the interest which was then due and payable, he brought himself precisely within the terms of the statute, and became responsible for whatever might result because of those terms. The contract, then, was clearly one which was invalidated by that statute, and within Church v. Maloy, supra. Mrs. Lancaster, having paid the sum of $400 to secure the forbearance of the sum

of $5,000, was entitled to be credited with that sum as of the date on which it was paid, to wit, July 14, 1898. The contract of that date was wholly void, and therefore that portion of the agreement by which she assumed the payment of the debt was void, with the rest. But while that contract was void, and she cannot be held liable for the deficiency under that contract, as was held by the learned justice at the special term, the contract of the 4th of May, 1897, by which, in addition to the payment of the $400, she then agreed to pay the principal sum of the mortgages on the 1st of June, 1898, was not void, but was entirely valid, and by virtue of that agreement she was bound to pay the deficiency, if any should occur, on the sale of the premises. While, therefore, the judgment was correct so far as it held that the second agreement to assume the payment of the mortgages was invalid, it was not correct in relieving Mrs. Lancaster from her agreement to pay the debt which she had incurred by the contract of May 4, 1897, at the time of the first extension. The judgment should therefore be modified by crediting Mrs. Lancaster with the payment of the sum of $400 on the mortgage as of the 14th of July, 1898, instead of the payment of the $400 made in May, 1897; and it should further provide that she should pay whatever deficiency may exist after the sale of the premises, by virtue of her agreement made on May 4, 1897, although the second agreement for an extension was properly held to be void.

The judgment in each case, thus modified, must be affirmed, without costs.

BARRETT and INGRAHAM, JJ., concur.

VAN BRUNT, P. J. I dissent from the conclusion arrived at by Mr. Justice RUMSEY. Even if at the time when the first extension was given Mrs. Lancaster was not personally liable to pay the mortgage in question, she became thereby liable, and she was so situated in respect to the debt that her property, viz. the property mortgaged, the title to which she had acquired, was the primary fund for the payment of the mortgage debt; and, to save this appropriation of her property to the payment of the debt at that time, she paid the $400, and agreed to assume the payment of the mortgage. It was to secure the forbearance of the debt for the payment of which her property was primarily liable that she paid the money and assumed the debt. It seems to me that this was clearly a usurious contract, being a payment to secure the forbearance of a sum of money which the property of one of the contracting parties was liable to pay.

McLAUGHLIN, J., concurs.