LOUIS GANZ, Appellant and Respondent, *v.* FREDERICK J. LANCASTER, Respondent, and CARRIE A. LANCASTER, Respondent and Appellant, Impleaded with Others. (Actions Nos. 1 and 2.)

USURY — PAYMENT IN EXCESS OF LEGAL INTEREST FOR THE EXTENSION OF THE TERM OF A MORTGAGE. A contract to extend the time of payment of a mortgage debt, made between the holder of the mortgage and one who has purchased the premises subject to it, but without assuming it, is usurious where as a condition of granting such extension the holder of the mortgage requires the owner to assume the mortgage debt and pay a sum above the legal interest for such extension or forbearance.

*Ganz* v. *Lancaster*, 50 App. Div. 204, reversed.

(Argued December 2, 1901; decided January 14, 1902.)

CROSS-APPEALS from two judgments of the Appellate Division of the Supreme Court in the first judicial department, entered April 26, 1900, modifying, and affirming as modified, two judgments entered upon decisions of the court on trial at Special Term in actions to foreclose two mortgages.

The defendant Carrie A. Lancaster appeals from that portion of the judgments of the Appellate Division which modify the judgments of the Special Term: 1. By declaring, in each case, that the extension of the mortgage debts in May, 1897, was not usurious and by the terms thereof she became liable

for any deficiency which might arise upon a sale of the mort-
gaged premises; 2. By striking out the sum of four hundred
dollars paid for the extension of each mortgage in that year
and applied upon the mortgaged debts; and, 3. By holding
that the eight hundred dollars paid in 1898, which the Special
Term decided she was entitled to recover against the plaintiff,
should not be so recovered but should be applied upon such
mortgage debts.

The plaintiff appeals from so much of the judgments of the
Appellate Division as hold: 1. That the extension in 1898 of
the debts secured by the bonds and mortgages in suit was
usurious; 2. That the defendants Lancaster were not liable
thereunder for any deficiency which might arise upon a sale
of the premises; and, 3. That there should be deducted from
each of the bonds and mortgages mentioned the sum of four
hundred dollars, the amount of the usurious payment made
to the plaintiff's assignor in that year.

The facts, so far as material, are stated in the opinion.

*William P. Maloney* for plaintiff, appellant and respondent.
Assuming that the various sums of money alleged to have
been paid by the defendants Lancaster at the time they pro-
cured the several extensions of the bonds and mortgages
from Louis P. Mahler were, in fact, paid to him, such pay-
ments, under the circumstances disclosed in these actions,
could in no event constitute the transactions usurious. (Tyler
on Usury, 3, 36, 37, 64, 117, 372; *Fisher* v. *Bidwell,* 27 Conn.
363 ; *Davis* v. *Hoy,* 2 Ark. 303; *E. & D. Bank* v. *Swepson,*
1 Lea [Tenn.], 355; *Ballard* v. *People's Bank,* 61 Ga. 458;
*Reynolds* v. *Neal,* 91 Ga. 609; *Coleman* v. *Commins,* 77
Cal. 548; *Porter* v. *Mount,* 45 Barb. 427; *Post* v. *Bank of
Utica,* 7 Hill, 398; *Rice* v. *Mather,* 3 Wend. 61; *Allerton*
v. *Belden,* 49 N. Y. 377.) Assuming that the facts referred
to would render usurious and void the agreements of exten-
sion so as to release the Lancasters from any personal liability
to pay, and to entitle them to a credit for the alleged usurious
sums paid, there was no evidence in the case to justify or war

rant the trial justice in finding that such facts existed. ( *White* v. *Benjamin*, 138 N. Y. 623 ; *Friedman* v. *Bruner*, 25 Misc. Rep. 474 ; *Newman* v. *Simpson*, 31 App. Div. 628 ; *Stillman* v. *Northrup*, 109 N. Y. 473 ; *Baldwin* v. *Doying*, 114 N. Y. 457 ; *Valentine* v. *Connor*, 40 N. Y. 248 ; *Booth* v. *Swezey*, 8 N. Y. 280.) Statutes of usury are highly penal in their character, and the defense of usury has always been regarded as an unconscientious defense, and has never received the favor of either courts of law or of equity. (*Curtis* v. *Leavitt*, 15 N. Y. 229.)

*Louis O. Van Doren* and *H. Gordon Pierce* for defendants, respondents and appellant. The elemental facts of usury are perfectly obvious and are found by the trial court. These facts cannot be reviewed in this court. The law applied to those facts by the Special Term is just as obviously correct. (*Metcalf* v. *Moses*, 161 N. Y. 587 ; *Hinckel* v. *Stevens*, 165 N. Y. 171 ; *Smith* v. *S. I. Co.*, 161 N. Y. 484 ; *Rice* v. *Welling*, 5 Wend. 595 ; *Church* v. *Maloy*, 70 N. Y. 63.) The subject-matter of the transaction was money in the sense in which that term is used in the statute. (*D. D. Bank* v. *A. L. Ins. & Trust Co.*, 3 N. Y. 344 ; *Gilbert* v. *Warren*, 19 App. Div. 403 ; *Dunham* v. *Gould*, 16 Johns. 367.) The transaction has the elements of a loan. (*Kendig* v. *Linn*, 47 Iowa, 62 ; *Morton* v. *Le Grand*, 3 Litt. 327 ; *Miller* v. *Zimer*, 111 N. Y. 441 ; *Eastmans* v. *Shaw*, 65 N. Y. 522 ; *Claflin* v. *Boorum*, 122 N. Y. 385 ; *Union Bank* v. *Gilbert*, 83 Hun, 417 ; *Nat. Bank* v. *Lewis*, 75 N. Y. 523 ; 81 N. Y. 15 ; *Standish* v. *Parmley*, 1 T. & C. 40 ; 56 N. Y. 640 ; *Lewis* v. *Barton*, 106 N. Y. 70.) Mrs. Lancaster was in a position and sustained such a relation to the principal fund, namely, the mortgaged premises, that a contract assuming the debt and for forbearance at her instance, based upon a consideration exceeding the legal rate of interest, was usurious. (*Murray* v. *Marshall*, 94 N. Y. 611 ; *Spencer* v. *Spencer*, 95 N. Y. 353 ; *Rice* v. *Welling*, 5 Wend. 595.) The extension agreements are void in all their parts,

and the assumption therein of the mortgage debts is, therefore, unenforceable. (*Vilas* v. *Jones*, 1 N. Y. 274; *Fiedler* v. *Darrin*, 50 N. Y. 437; *Birdsall* v. *Patterson*, 51 N. Y. 43; *Tyng* v. *C. W. Co.*, 58 N. Y. 308; *Pratt* v. *Elkin*, 80 N. Y. 198.) The trial court made a proper disposition of the bonuses. (*Church* v. *Maloy*, 70 N. Y. 63.) All defenses on the agreements of extension that could be urged against Louis P. Mahler can also be urged against his assignee, the plaintiff herein. (*Thompson* v. *Berry*, 3 Johns. Ch. 395; *Moore* v. *M. Nat. Bank*, 55 N. Y. 41; *Rappe* v. *Gotlieb*, 142 N. Y. 166.)

MARTIN, J. On June 30, 1896, Albert C. Morris was the owner of two lots known as Nos. 511 and 513 West One Hundred and Forty-fifth street in the city of New York. On that day he executed to Albert W. Fiero a bond and mortgage upon each lot to secure the payment of five thousand dollars, which became due June 30, 1897. On November 25, 1896, Carrie A. Lancaster purchased the premises of George F. Johnson who was the grantee of Morris, subject, however, to such mortgages, but she assumed no personal liability therefor. On March 2, 1897, Fiero assigned both mortgages to Louis P. Mahler who was the owner thereof when they became due.

When the mortgages were about to fall due, Mahler refused to extend the time of payment unless Mrs. Lancaster would pay him the legal interest and eight hundred dollars in addition thereto, and also assume the payment of the mortgage debts. Thereupon negotiations were had between George A. Blanke, who acted as agent for Mahler, and Mr. Lancaster, acting as Mrs. Lancaster's agent, which resulted in an agreement by which Mrs. Lancaster agreed to assume the payment of the debts secured by the mortgages and to pay the sum of eight hundred dollars to procure an extension or forbearance to collect such debts for one year, and Mahler, in consideration of such payment and assumption, agreed to forbear to enforce them for that period. In pursuance thereof, Mahler,

in form, extended the time for the payment of both mortgages
from June 30, 1897, to June 30, 1898. At the same time
Mr. Lancaster, for Mrs. Lancaster, gave to Blanke, for Mahler,
his check for three hundred dollars, being the interest due
upon the two mortgages, and a further check for eight hundred
dollars, being the amount agreed to be paid for their extension
which was paid in pursuance of such agreement. The money
paid for such extensions or forbearance was the money of Mrs.
Lancaster.

When these mortgages were again claimed to be about due
and in June, 1898, Mahler refused to further extend the time
of payment unless Mrs. Lancaster would pay him the legal
interest, the sum of eight hundred dollars in addition thereto,
and both Mr. and Mrs. Lancaster would assume the payment
of the mortgage debts. Further negotiations were had
between Mr. Mahler, Mr. Blanke and Mr. and Mrs. Lancaster,
who met at Blanke's office July 14, 1898, and it was then
agreed that Mr. and Mrs. Lancaster should assume the debts
secured by such mortgages, pay Mahler the interest and eight
hundred dollars in addition for the forbearance of payment
for another year, and that the time of payment of the two
mortgages should be extended from June 30, 1898, to June
30, 1899. At that time and in the presence of all the parties
and in pursuance of such agreement, Mr. Lancaster as the
agent of Mrs. Lancaster gave Mr. Blanke, for Mahler, his
check for three hundred dollars interest and a separate check
for eight hundred and twelve dollars, of which twelve dollars
was for insurance, and eight hundred dollars for the extension
or forbearance for one year.

February 21, 1899, Mahler assigned the bonds and mort-
gages mentioned and the several agreements of extension to
the plaintiff, who subsequently commenced two separate
actions for the foreclosure of the mortgages in suit, and asked
judgment for deficiency against both Mr. and Mrs. Lancaster.
The defendants Lancaster answered, alleging that the con-
tracts for forbearance were made in pursuance of an usurious
agreement under which they paid the sum of eight hundred

dollars upon each mortgage for such extensions or forbearance, and asked that the agreements be declared usurious and void, and that they be adjudged not to be liable for any deficiency that might arise upon a sale under the mortgages.

The case came on for trial at a Special Term in May, 1899. Evidence was given by both sides. The court made a short form of decision and stated as grounds for it certain facts found. Among other facts it found that at the time of the extensions of the mortgages and when the agreements to assume the mortgage debt were executed and delivered, Mahler, who then held the mortgages, exacted from the defendants Lancaster the payment of four hundred dollars upon each mortgage in addition to the interest thereon which was paid by them; that the contracts of extension and assumption and the payment of the four hundred dollars was but a single transaction; and that it, in effect, was that the plaintiff's assignor said to the defendants Lancaster: "If you will pay me the legal interest, and the sum of four hundred dollars in addition and assume payment of the mortgage, I will extend the time of payment." The court also found that Mr. Blanke did not receive the eight hundred dollars paid on the mortgage by the Lancasters for himself, but as the agent of the plaintiff's assignor. The same findings were made as to each mortgage.

Thereupon a judgment of foreclosure and sale of the mortgaged premises was directed in each action, and it was in each case adjudged that all the agreements of extension entered into by the parties were void for usury, and, consequently, that the defendants Lancaster were not liable for any deficiency that might arise. The court then directed that the usurious consideration of eight hundred dollars paid in 1897 be applied upon the mortgage debts and deducted therefrom, but that the eight hundred dollars paid in 1898 be not deducted from the mortgage debts so that the defendant Carrie A. Lancaster might bring an action therefor. The plaintiff excepted to the decision in each action, and appealed to the Appellate Division from the portion of each judgment

which adjudged the agreements for the several extensions to be usurious, which held that the defendants Lancaster were not liable for the deficiency, and which directed that the eight hundred dollars paid thereon in 1897 be deducted from the amount due upon the mortgages.

The Appellate Division reversed the decision of the Special Term as to the first extensions, declared them to be valid, directed that the amount paid therefor be not applied upon the mortgage debts, and held that Mrs. Lancaster was liable for the deficiency. That court, however, affirmed the decision of the Special Term as to the second extensions, declared them void for usury, held that Mr. Lancaster was not liable for any deficiency, and directed that the eight hundred dollars paid on the second extensions of the mortgage debts should be applied thereon.

In this case the order of the Appellate Division reversing the judgment of the Special Term in part, does not state that the reversal was upon the facts, and, consequently, under the mandate of section 1338 of the Code of Civil Procedure we must assume that the judgment was reversed for errors of law and not upon the facts. (*Hinckel* v. *Stevens*, 165 N. Y. 171.) Furthermore, the findings of fact made by the trial court are conclusive upon this court, where, as in this case, there was some evidence to sustain them, and the reversal was upon the law. (*Smith* v. *Syracuse Improvement Co.*, 161 N. Y. 484.)

Therefore, the inquiry presented is whether, under the facts as found, the judgment awarded by the trial court was justified. The practical question is whether a contract to extend the time of payment of a mortgage debt made between the holder of the mortgage and one who has purchased the premises subject to it, but without assuming it, is usurious, where as a condition of granting such extension the holder of the mortgage requires the owner to assume the mortgage debt and to pay a sum above the legal interest for such extension or forbearance. As we have already seen, the learned trial court found as a fact that each of the contracts of extension, of assumption and for the payment of four hundred dollars

in excess of legal interest, was but a single transaction. And, hence, we have here a contract by which, in addition to assuming the mortgage debts, the owner is required by the holder of the mortgage to pay four hundred dollars in excess of lawful interest upon each mortgage to procure a forbearance for the term of one year, and still it was decided that such contract is valid. The learned Appellate Division held that inasmuch as the owner of the premises was not personally liable for the payment of these debts before the agreements were made, they were not usurious. This is based upon the theory that the statute was made for the protection of borrowers, and that to bring a transaction within it there must be a forbearance of money due to the lender or person holding the securities from the borrower or the person from whom it is due, and that that condition did not exist in this case.

While it is admitted that at the commencement of the negotiations between Mahler and the defendants Lancaster, neither of the latter was personally liable for the payment of the mortgage debts, yet, by the very agreement under which they became personally liable, if at all, and as a part of it, they were required to pay eight hundred dollars in addition to lawful interest for the forbearance of the debts for the period of one year. Thus, at the very inception of any supposed personal liability of the defendants Lancaster and as a part of the contract by which it was assumed, they were required to pay an usurious consideration which clearly affected the validity of the contract, not only as to their assumption of personal liability, but also as to the forbearance for the period of one year. It is difficult to perceive any distinction between a case where an agreement is in part to obtain usury and in part to make parties personally liable for a debt, and a case where a personal liability already exists and the usurious agreement follows. In either case the usury is paid to procure the forbearance of payment of a debt for which the party is personally liable, and if the agreement was valid the party assuming the liability would be as much bound in the one case as in the other when the agreement for usury was made, the only dis-

tinction being that in one case there is a pre-existing liability, and in the other it is a part of the usurious contract between the parties. If the principle of the decision of the Appellate Division was carried to its full extent, we fail to see why it would not apply to the making of a note or the giving of any other security for the payment of a debt, where the agreement for and payment of usury was a part of the contract by which the debt was secured. The facts found in this case render it obvious that there were corrupt agreements between Mahler and the defendants Lancaster by which more than lawful interest was to be paid and received for forbearance for the period of one year, and that there was also an unlawful and corrupt intent upon the part of the holder of the mortgages to take illegal interest therefor. That where money is owing upon a contract for the repayment of a loan, and forbearance is given for such debt upon the condition of receiving more than the legal rate of interest, such forbearance is as much usury as if the sum of money had been absolutely loaned upon a contract to pay more than legal interest, has been established so long as to render further discussion wholly unnecessary. (*Vilas* v. *Jones*, 1 N. Y. 274; *Winsted Bank* v. *Webb*, 39 N. Y. 325; *Patterson* v. *Birdsall*, 64 N. Y. 294, 297; *Wyeth* v. *Braniff*, 84 N. Y. 627; *Baldwin* v. *Moffett*, 94 N. Y. 82; *Perkins* v. *Hall*, 105 N. Y. 539, 542.)

The learned Appellate Division sought to sustain its determination upon another theory, which, if correctly understood, is that to constitute a valid agreement for the extension of the time of payment of the mortgages in suit, it was necessary that some consideration should be paid by Mrs. Lancaster and received by the owner of the mortgage, and that by reason of that necessity the contract to pay sixteen hundred dollars in excess of the legal interest was justified. The court, in its opinion, remarks: "It would be peculiar at least to say that, when a consideration is required for making a valid contract, the mere fact of taking the consideration would make the contract invalid, and such clearly cannot be the case."

This doctrine seems to be that because there must be a consideration to make a contract valid, an agreement which would otherwise be invalid, illegal and even criminal may form a valid consideration notwithstanding its invalidity. This proposition is novel and carries the doctrine of necessity to an extent hitherto unknown in the law of contracts. Even where there can be no consideration except an illegal one, to say that it becomes legal because of that fact, is another way of saying that the necessity for a consideration may render legal that which is illegal, and make that which is criminal, innocent. If necessity can sustain such a contract and purge it from criminality, it would seem sufficient to excuse other crimes where a sterner necessity confronts the criminal than that of obtaining fourteen per cent per annum for the use of money, when the legal rate of interest is at least eight per cent less. We think that no such principle exists and that it cannot be properly sustained. " The statutes against usury render void all contracts and securities which are the outgrowth of or depend for their support and consideration upon agreements which are usurious." (*Patterson* v. *Birdsall*, 64 N. Y. 294, 297.) In this case, however, there was, independently of the amount paid for forbearance, a sufficient valid consideration to uphold the contract for the extension of payment arising from the additional security given at that time in the personal responsibility assumed by Mrs. Lancaster in 1897 and by her husband in 1898, so that the necessity relied upon by the Appellate Division had no existence in fact. We think the agreement for forbearance of the mortgage debts for one year, having been based upon an usurious consideration, was void, and, consequently, there was no valid extension of the mortgages, nor were the defendants Lancaster liable upon the assumption which was a part of the same agreement.

Moreover, the learned Appellate Division reversed the decision of the trial court so far as it directed that the eight hundred dollars paid for the extension of these mortgages from 1898 to 1899 should be applied upon the mortgage

debts, as the Special Term had directed that it should not be so applied but might be recovered by action. The agreements for the forbearance of the payment of these mortgages having been usurious, the defendant Carrie A. Lancaster had the right to immediately bring an action to recover the sixteen hundred dollars paid therefor, or, in equity, to have it applied as a payment upon the mortgages. As to the payment of 1897, she elected to have it applied upon the mortgage debts. As to the payment of 1898, on the contrary, she elected not to have it so applied and brought an action for its recovery. Although it would then doubtless have been better and avoided additional litigation to apply all these payments upon the mortgage debts, still, as she was entitled to elect as to the course she would pursue, and having made her election and the trial court having followed it, the learned Appellate Division was not authorized as a matter of law to disturb the judgment in that respect. In *Church* v. *Maloy* (70 N. Y. 63, 64), in considering a similar question, Judge ANDREWS said : " The agreement for the extension was usurious, and the defendant could immediately have brought his action to recover back the $500, or he had the right in equity to have it applied as a payment on the mortgage."

These considerations lead us to the conclusion that the decision of the Appellate Division must be reversed, and the judgments of the Special Term in all respects affirmed, with costs.

PARKER, Ch. J., BARTLETT, VANN, CULLEN and WERNER, JJ. (and GRAY, J., in result), concur.

Judgment accordingly.