THE PEOPLE OF THE STATE OF NEW YORK ex rel. NOVICK HOLDING CORPORATION, Respondent, v. HARRIS H. MURDOCK and Others, Constituting the Board of Standards and Appeals of the City of New York, Created by Chapter 503 of the Laws of 1916, Appellants.— Order and order on reargument sustaining the certiorari order and reversing the determination of the board of standards and appeals, which determination denied an application for permission to erect and maintain a gasoline station reversed on the law and the facts, with costs, certiorari proceeding dismissed and the determination of the board of standards and appeals reinstated and confirmed, without costs. The determination by the board of standards and appeals was a fair and reasonable exercise of judgment upon the facts of the case and, therefore, there should be no interference therewith by the court. (*Matter of Levy* v. *Bd. of Standards & Appeals*, 267 N. Y. 347.) Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ., concur.

THE RAILROAD CO-OPERATIVE BUILDING AND LOAN ASSOCIATION, Appellant, v. ANTHONY BASSLER and HARRIETTE M. BASSLER, His Wife, and LOUIS M. MOONEY, Respondents, and Others, Defendants.— Plaintiff appeals from an order confirming the report of an official referee and denying its motion for leave to enter a deficiency judgment in a foreclosure action, after the purchase by it at the foreclosure sale for the sum of $500. The mortgage, in amount $180,000, was executed and delivered on April 15, 1931. Plaintiff-appellant sought leave to enter a deficiency judgment for $28,145.53. It claims that the market value on August 21, 1934, the date of the sale, was $182,700. These two sums aggregate the amount set forth in the report of sale as due the plaintiff. Respondents claim that there was no fair and reasonable market value for the property on August 21, 1934, the date of sale, and that the nearest date prior to the foreclosure sale when there was a fair market value for the property was 1931, when its value was from $234,900 to $240,000. Order unanimously affirmed, with costs. In our opinion, the findings of the official referee as to the value of the premises at the nearest date prior to the sale, when there was a market for the property, are sufficiently supported by the evidence. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

EDWARD J. REILLY, Appellant, v. FLEURETTE REILLY, Respondent.— Order granting defendant's motion for alimony and counsel fees modified by reducing the amount of alimony to $50 a week and the counsel fee to $300, and as so modified affirmed, without costs. The time and the amounts of payment are to be as provided in the order to be entered herein. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur. Settle order on notice.

ROSA RESSLER, Respondent, v. SADIE NITZBERG, Appellant.— Judgment in a foreclosure action reversed on the law and the facts and a new trial granted, costs to abide the event. Findings of fact numbered ninth, eleventh and twelfth are reversed and the first sentence of paragraph sixth is also reversed. We are of opinion that the findings of the trial court that the mortgage in question was free from the taint of usury are against the weight of the evidence in so far as the payment of $150 at the time of the extension of the mortgage is concerned. If it be determined that an usurious agreement was made for the extension of the mortgage, the amount exacted will be credited as payment on the principal. (*Real Estate Trust Company* v. *Keech*, 69 N. Y. 248.) Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.