PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, as Executor of WILLIAM W. SPIRO, Deceased, Respondent, v. NELSON RUDNER, Appellant.— In this action to recover the face amount of a demand promissory note in the amount of $5,000, dated November 23, 1946, which was interest-bearing at the rate of 6%, the defense was usury. Judgment in favor of plaintiff for the principal amount of $4,277.89, with interest thereon from August 3, 1947, together with costs, modified on the law and the facts so as to provide for an award of $4,203.14, on account of principal, and computation of interest from August 4, 1947, together with costs. As so modified, the judgment is affirmed, without costs. Applying the first payment which defendant made in the amount of $750, on June 3, 1947, to interest and principal and the second payment in the amount of $250, by check dated August 4, 1947, against the remaining principal, and interest thereon, we find that the balance due on account of principal as of August 4, 1947, was $4,203.14. Appellant failed to establish that any usurious agreement was made at the inception of the transaction. Payments in excess of the legal rate of interest, if made pursuant to a subsequent demand, agreement or understanding, cannot vitiate the original transaction. (*Ganz* v. *Lancaster,* 169 N. Y. 357, 365; *Real Estate Trust Co.* v. *Keech,* 69 N. Y. 248.) Such excess payments must be applied in reduction of the principal and against the lawful interest. Carswell, Acting P. J., Johnston, Wenzel and MacCrate, JJ., concur; Schmidt, J., dissents and votes to reverse the judgment and to dismiss the complaint, on the ground that, in his opinion, the proof establishes (a) that the usurious agreement was actually made contemporaneously with the loan or at its inception, and (b) that the excessive payments were made pursuant to such contemporaneous agreement and not pursuant to any subsequent agreement or understanding.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANGELO CASCIO, Appellant.— In a proceeding, as on a writ of error *coram nobis,* to vacate a judgment of conviction on the ground that before pleading guilty to the charges in an indictment appellant was not advised of his right to counsel, nor asked whether he desired the assignment of counsel, contrary to sections 188 and 308 of the Code of Criminal Procedure, order, denying the application, entered after trial of the issues, affirmed. No opinion. Nolan, P. J., Carswell, Adel, MacCrate and Schmidt, JJ., concur.