James A. Roe, Jr., J.
Plaintiff in this action to foreclose a mortgage moves for (a) summary judgment and (b) an order dismissing the defense and counterclaim of usury.
Defendant .Tannenbaum is the owner and mortgagor of the property. He is the only defendant appearing in the action.
Defendant does not allege that the mortgage agreement was invalid or usurious in its inception, but contends that at the time a mortgage extension agreement was entered into, he paid plaintiff a sum of money in excess of the legal rate of interest which payment, being usurious, rendered the extension agreement as well as the mortgage null and void. This contention is untenable for “ it is settled that where a bond and mortgage are valid in their1 inception their validity is not affected by a usurious agreement for the, extension of the time payment.” *119 (Sherling v. Gallatin Improvement Co., 237 App. Div. 535, 538, opp. dsmd. 262 N. Y. 641, citing Real Estate Trust Co. v. Keech, 69 N. Y. 248.)
Defendant’s defense and counterclaim of usury present issues of fact which require a trial. While plaintiff’s foreclosure action cannot be defeated (Sherling v. Gallatin Improvement Co., supra), the amount remaining unpaid on the mortgage may be diminished to the extent of the alleged usurious payment (President & Directors of Manhattan Co. v. Rudner, 280 App. Div. 982). Since the counterclaim may reduce plaintiff’s recovery on the mortgage and is for an amount less than that demanded in the complaint, it is proper to award summary judgment (Illinois McGraw Elec. Co. v. Walters, 7 N Y 2d 874).
Branch (a) of plaintiff’s motion is granted but the judgment shall contain a provision permitting the adjustment of the amount due on the mortgage to the extent of any recovery that the defendant may obtain on his cause of action for usury. Since this determination will delay the entry of the judgment of foreclosure until the conclusion of the defendant’s cause of action, either party may move for a trial preference of such action (Torre v. Zuza, 29 Misc 2d 552).
Branch (b) of plaintiff’s motion is denied.