Frederick B. Bryant, J.
In -this action to foreclose a mortgage the plaintiff seeks summary judgment on the grounds that there are no triable issues of fact and no merit to the defenses and *141 counterclaim asserted in the answer. The mortgage in question was executed by the defendants, Charles Contro and Albert Gr. Shulman, on August 16, 1966 in pursuance of a contract of sale of real property entered into between the parties on July 12, 1966. The mortgage was for a total of $156,000 with interest at 6%, interest only to be payable quarterly until December 31, 1969, at which time the entire balance was to become due and payable. There was a provision that for a payment of $30,000 on the principal on July 16, 1967 a portion of the mortgaged premises would be released.
Payments on account of principal and some interest were made up to February 15, 1968 at which time the balance due on the mortgage was $100,000. In the interim the property had been conveyed by the individual mortgagors to Tro-Man Realty Corporation which corporation did not assume the mortgage.
On December 19, 1969 the mortgagors requested an extension of the bond. At that time the plaintiff agreed to extend the bond until December 31, 1970 provided $25,000 was paid on principal at once, plus $7,000 in back interest. It was stipulated that the new rate of interest commencing January 1, 1970 was to be 8■%%. There was also to be a further payment of principal in the amount of $25,000 on April 1,1970.
It is to be noted that at this time Tro-Man Realty Corporation was the owner of the premises and as a corporation was not subject to the usury laws. It is reasonable to assume that the parties expected that this corporation, as owner and developer of the mortgaged property, would be responsible for the payments. However, the individual defendants joined in the extension agreement.
Twenty-five thousand dollars was immediately paid on the principal and back interest was paid at the rate of 6% on January 5, 1970. No further interest payments were ever made to the mortgagee.
At the end of February, 1970, the mortgagors again notified the mortgagee that they were unable to make the April payment. As a result, a new extension agreement was made on April 7, 1970 at which time the mortgagors paid $25,000, agreed to make further payments on principal in June and December of 1970 and agreed that interest was to remain at 8%%. Again, no interest was paid. When the payment of the principal instalment called for was sent to the mortgagee in April, 1970, the mortgagor referred to the. sum of $1,568.75 as past due interest to date. This obviously was calculated at a rate of 6%.
*142 The payment called for by the latest extension agreement and due in June was not made. At that time the balance due was $50,000. The parties then agreed that the mortgage could be liquidated by a payment of $10,000 on June 1,1971, a further payment of $10,000 on July 1, 1971, and monthly payments of $1,700 commencing August 1, 1971 to continue for 15 months and to be credited first to interest and then to principal. It would appear that at this rate of payment the mortgage would ultimately be liquidated in 1972 with interest through that date at 6%.
The $10,000 payment of June 1, 1971 was made but no further payments of principal and no payments of interest have been received as a result of which the plaintiff has instituted this foreclosure action.
Although .the plaintiff feels that it is entitled to collect interest at the rate of 8%% against Tro-Man Realty Corporation on the balance of the mortgage from January 1, 1970, it has abandoned this claim and seeks in its foreclosure action for a judgment foreclosing the mortgage on the basis of $40,000 of principal, plus accrued intérest from January 1, 1970 at the rate of 6% being due.
In their answer the defendants have asserted by way of affirmative defense that the original bond and mortgage was modified and extended and that it thereupon became a usurious contract by reason of the fact that the rate of interest called for was 8%% per annum, greater than that allowed by the General Obligations Law.
As indicated in the brief summary of facts set forth above, there was an agreement to extend the mortgage upon consideration that interest would be paid at the rate of 81/2%- However, no such interest was ever paid by any of the parties and, indeed, it would appear that as early as June of 1971 — if not before that time — past interest due was demanded at the 6% rate.
In any event, the plaintiff here is seeking only to foreclose the original bond and mortgage upon which there is an asserted balance of principal due in the sum of $40,000, plus accrued interest at the rate of 6%. The Court of Appeals in Emmons v. Barnes (55 N. Y. 643) established the basic principle that a valid agreement to pay a debt fixes the obligation of the parties and such obligation cannot be vitiated by any subsequent usurious agreement. The Court of Appeals case of Church v. Maloy (70 N. Y. 63) is almost directly in point on the facts here. In that ease the parties agreed to extend the time for payment of a mortgage on usurious terms. The court held that there was no valid extension of the time for payment of the *143 bond and mortgage since the extension agreement was usurious but that the mortgage was due and that the usurious extension agreements did not affect the right of the creditor to foreclose the mortgage. These very early cases have been cited in subsequent decisions. (See Ganz v. Lancaster, 169 N. Y. 357; Matter of Consalus, 95 N. Y. 340; Real Estate Trust Co. v. Keech, 69 N. Y. 248; President of Manhattan Co. v. Rudner, 280 App. Div. 982; La Mont v. Handy, 250 App. Div. 657; Casten v. Tannenbaum, 42 Misc 2d 118.)
On the basis of the foregoing decisions it is clear .that the original bond and mortgage, valid in their inception, are not rendered invalid or unenforceable by any subsequent extension agreement based on a usurious consideration. Such extension agreements, even if they are void for usury, were never in fact performed and do not affect the right of the plaintiff to recover in this action.
There are no other issues of fact raised by the pleadings and consequently the motion for summary judgment of foreclosure is granted.