Harry T. Nusbaum, J.
This action was instituted by the plaintiff under the provisions of sections 5-501, 5-511 and 5-521 of the General Obligations Law to recover from the defendant, Savings and Loan Association, twice the amount of the interest allegedly paid by him on a mortgage loan.
Briefly stated, the sections in question set forth (1) the legal rate of interest that may be charged on loans and prohibit the charging or taking of interest in excess of that rate; (2) declare as usurious and void contracts which provide for sums to be paid in excess of the legal rate; and (3) prohibit corporations from interposing the defense of usury except as to such corporation, the principal asset of which is a one- or two-family house.
The facts are virtually undisputed. The plaintiff, an employee of First National City Bank, in a managerial capacity acquired title to premises 118 West 80th Street, in the Borough of Manhattan, New York City, on April 9, 1970. At the time, the premises were vacant but the certificate of occupancy of record issued by the building department described the premises as a 10-family house. On April 14, 1970, the plaintiff applied to the defendant, a Federal savings and loan association, for a first mortgage loan in the sum of $40,000 to be secured by a first mortgage on the subject premises. On the loan application, the plaintiff states that the loan was to be used for "renovation of house located at 118 West 80th Street, N.Y., N.Y.”. The plaintiff also made known to defendant that he intended to convert the premises into a residence for two families containing one duplex and one triplex apartment.
In or about June, 1970, allegedly at the request of the defendant, a corporation was formed by the plaintiff known as 118 West 80th Street Corp. for the purpose of taking title to the premises. At or about the same time, a Mr. Wyman, who was to occupy the triplex apartment, acquired 60% of the corporation’s stock and the plaintiff, who was to occupy the duplex apartment, acquired 40% of its stock.
On or about September 30, 1970, the defendant, savings and loan association, loaned $40,000 to the corporation which issued a mortgage note and executed a first mortgage in that amount covering the premises. The interest rate provided therein was 8Vi%.
*178 It is conceded that the legal rate of interest for a loan to an individual at that time was 1Vi% or 1% less than the interest rate charged to the corporation. In July, 1971, some 10 months later, the department of buildings issued a new certificate of occupancy for the premises certifying that the existing 10-apartment building had been certified as a two-apartment building with a duplex and a triplex apartment. The plaintiff now claims that the $40,000 loan made by the savings and loan association to the 80th Street Corp. was a ruse to evade the usury law and, in fact, was a loan made to plaintiff as an individual. Mr. Wyman, who owns 60% of the stock of the corporation and resides in the triplex apartment, has not participated in the action. The corporation subsequently made all payments due on the mortgage loan and, in 1973, paid the principal balance due thereon.
As I see it, two issues are presented for determination. The plaintiff relies on section 5-521 of the General Obligations Law which in pertinent part reads as follows: "1. No corporation shall hereafter interpose the defense of usury in any action * * *
"2. The provisions of subdivision one of this section shall not apply to a corporation, the principal asset of which shall be the ownership of a one or two family dwelling, where it appears either that the said corporation was organized and created, or that the controlling interest therein was acquired, within a period of six months prior to the execution, by said corporation of a bond or note evidencing indebtedness, and a mortgage creating a lien for said indebtedness on the said one or two family dwelling”. The issue, then, is whether the borrower at the time this loan was consummated, was a corporation whose principal asset was a two-family house. I think not.
The Legislature, in its declaration of policy on the exception to the prohibition of the defense of usury to a corporation owning a one- or two-family house, stated: "The people of this state have a vital interest in encouraging its citizens to establish and maintain one and two-family home-owning communities, and in preventing the imposition of oppressive and unethical burdens on the members of such communities.” (L 1957, ch 968, § 1.)
It is the opinion of this court that the vacant 10-apartment building, owned by the corporation on September 30, 1970, to which the $40,000 loan was made, does not and can, by no *179 stretch of the imagination, come within the ambit of the legislative policy set forth when the section was enacted. A building containing a duplex and triplex apartment located on West 80th Street in the City of New York can hardly be considered as part of "a one-and two-family home-owning community”. In addition, the documents and evidence adduced at the trial clearly show that at the time the loan was made, the building in question had not as yet been converted into a two-family dwelling and was, in fact, a 10-family apartment house in the process of conversion. A full year passed after the loan was made before the building was approved by the building department as a two-family residence. Such ultimate approval of the building as a two-family residence cannot be made retroactive for the purpose of recovering the alleged usurious interest paid by the plaintiff. The bank’s knowledge of the plaintiff’s intention to convert the building into a two-apartment dwelling is not, in my opinion, sufficient to void a transaction which was legal at its inception (Modern Ind. Bank v Hegeman, 54 NYS2d 251, affd 269 App Div 775; Emmons v Baines, 55 NY 643; Ganz v Lancaster, 169 NY 357; Eastern Shopping Centers v Contro, 68 Misc 2d 140). A corporation may be formed by an individual for the purpose of obtaining a loan at what might otherwise be considered a usurious rate of interest when the corporation, in addition to the ownership of the two-family house, is involved in a business venture such as the extensive alteration and remodelling here contemplated (Hoffman v Lee Nashem Motors, 20 NY2d 513; Leader v Pinkler Mgt. Corp., 20 NY2d 393).
The next question to be considered is whether the plaintiff is, in fact, the proper party-in-interest authorized or empowered by the statute to bring the instant action. The authority for recovery against a bank or savings and loan association is set forth in subdivision 1 of section 5-511 of the General Obligations Law, the pertinent portion of which reads as follows: "If a greater sum or greater value has been paid, the person paying the same or his legal representative may recover from the savings bank and the savings and loan association or the federal savings and loan association twice the entire amount of the interest thus paid”. (Emphasis added.) The plaintiff, herein, is a 40% stockholder of the corporation which, in fact, made all the payments. He testified at the trial that the corporation, when formed, paid all the bills required by the extensive alteration and conversion of the building and *180 continued to operate the premises, thereafter, paying all the bills required for the operation and maintenance of the building up until the date the house was conveyed by the corporation to the plaintiffs wife on September 24, 1973. He testified that he and Mr. Wyman, the 60% stockholder of the corporation, contributed to the corporation, in proportion to their stockholdings, all funds that were required by the corporation for its operations and continued to do so. There has been no showing made which would warrant a piercing of the corporate veil and a finding that the formation of the corporation was solely a ruse to permit the bank to collect a larger rate of interest.
The plaintiff, as an individual guarantor of the mortgage, has no greater status than he has as a stockholder. He was never called upon to pay any part of the mortgage, as a guarantor, and certainly does not qualify as a person who paid the interest (Pink v L. Kaplan Inc., 252 App Div 490; General Phoenix Corp. v Cabot, 300 NY 87).
I am, therefore, of the opinion that subdivision 1 of section 5-521 of the General Obligations Law which states, "No corporation shall * * * interpose the defense of usury in any action” bars the instant action. The corporation in this matter, at the time the loan was made, owned a 10-family house, not a two-family house. Further, the plaintiff in this proceeding individually made none of the payments which would qualify him as a person authorized under the statute to bring this action. For the foregoing reasons, the complaint is dismissed on the merits, with costs and disbursements to the defendant.