■ HEDY DICHTER et al., Appellants, v VIKING OFFICE PRODUCTS, INC., et al., Respondents.—In an action based upon an instrument for the payment of money only, commenced pursuant to CPLR 3213 by service of a summons and notice of motion for summary judgment in lieu of a complaint, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Ingrassia, J.), entered September 28, 1984, which denied their motion.

Order modified, by deleting the provision thereof denying the motion for summary judgment in lieu of the complaint and substituting therefor a provision granting partial summary judgment to the plaintiffs on the issue of liability only, and denying the motion in all other respects. As so modified, order affirmed, with costs to the appellants, and matter remitted to the Supreme Court, Westchester County, for a hearing and determination as to the exact amount of the defendants' liability.

The plaintiffs commenced the instant action to recover payment of the principal sum of $80,000, plus interest, which was evidenced by a bond executed by the corporate defendant and further secured by a guarantee executed by the defendant Seale, the president and sole stockholder of the corporate defendant. The plaintiffs duly demanded payment of the principal and interest; however, their demand was refused by both defendants.

By order entered September 28, 1984, Special Term denied the plaintiffs' motion for summary judgment on the ground that the defendants possessed potential affirmative defenses and counterclaims based on criminal usury.

We find that the defendant's interposition of a usury defense relates solely to subsequent transactions between the parties, but does not affect or extinguish the defendants' liability with regard to the original bond and guarantee upon which this action is founded. It is well settled that an obligation valid when created, is not rendered unenforceable by any subsequent usurious agreements between the parties. It is only the subsequent usurious transactions that are deemed void (see, e.g., Emmons v Barnes, 55 NY 643; Church v Maloy, 70 NY 63; Eastern Shopping Centers v Contro, 68 Misc 2d 140).

In the instant matter, the plaintiffs were merely seeking to recover moneys due and owing under the original instrument, which provided for the payment of a legally valid rate of interest of 12%. This obligation, " 'fair, and just, and upright in itself * * * cannot be discharged by ingrafting upon it some subsequent agreement obnoxious to the charge of usury' " (see, Eikenberry v Adirondack Spring Water Co., 65 NY2d 125, 129, quoting from Lesley v Johnson, 41 Barb 359, 362). Thus, the defendants' obligation under the bond and guarantee remain in full force and effect, and Special Term, therefore, erred to the extent that it denied the plaintiffs' motion with respect to the defendants' liability upon the bond. However, we further find that the matter must be remitted for a hearing and determination as to the exact amount of the defendants' liability. Although the plaintiffs are barred from enforcing any subsequent usurious agreements between the parties, any payments made by the defendants upon these agreements may be applied in reduction of the principal debt or against the lawful interest reflected in the original bond (see, Ganz v Lancaster, 169 NY 357; Church v Maloy, supra).

Accordingly, the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith. Rubin, J. P., Lawrence, Eiber and Spatt, JJ., concur.